**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

**JUL 20 2017**

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LADARIUS REED, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-103-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ladarius Reed, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Procedural History

In August 2012 petitioner was indicted in Tarrant County, Texas, Case No. 1287601D, on two counts of aggravated robbery

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

with a deadly weapon. (Clerk's R. at 2.) Petitioner's jury trial commenced on January 30, 2013, at the conclusion of which the jury found petitioner guilty of both counts and true to the repeat-offender notice in the indictment and assessed his punishment at 26 years' confinement on count one and 15 years' confinement on count two. (*Id.* at 77, 80.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on appeal. (Docket Sheet at 1.) Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals, but he did file two relevant postconviction habeas-corpus applications challenging his convictions, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court.

The state appellate court summarized the background facts of the case as follows:

> On June 20, 2012, Nathan Tumanuvao and his girlfriend, Christina Lee, agreed to meet Tumanuvao's friend Danny Farmer in a McDonald's parking lot in Arlington to purchase a gun. Tumanuvao drove Lee's car to the parking lot and waited for Farmer. Around 11:00 p.m., Farmer and Appellant, whom neither Tumanuvao nor Lee had met before, arrived at the parking lot and got into Lee's car. Farmer sat in the back seat behind Lee, and Appellant sat behind Tumanuvao. Tumanuvao greeted Farmer and then asked, "Can I see [the gun]?" Appellant then pointed the gun at Tumanuvao's head and said, "Run it, I want everything, give me everything you have." Tumanuvao asked Farmer, "[W]hat's wrong with your

friend?" Appellant said, "[E]verybody shut up, everybody—I'm going to kill everybody in this car."

Tumanuvao exited the car. He tried holding the rear driver side door shut so that Appellant could not get out of the car. Appellant kicked the door open, knocking Tumanuvao to the ground. Appellant got out of the car and shot Tumanuvao in the stomach. Appellant and Farmer then ran off.

Lee went to call 911 and found that her phone was not in the car. She found someone in the drive-through lane at the McDonald's who called 911 for her. The police arrived, and Tumanuvao was taken to the hospital. Tumanuvao underwent emergency surgery, but doctors were not able to remove the bullet. Lee went with police detectives to the police station to give her statement and to view some lineups. She identified Farmer from one lineup.

The next morning, Lee got on Facebook to see if she could identify any of Farmer's friends as the shooter. She saw Appellant's picture under the name "Markey Reed." She called a police detective, gave him the name, and agreed to return to the police station to view another lineup. She identified Appellant from that photo lineup.

(Mem. Op. at 1-3.)

## II. Issues

In four grounds, petitioner raises the following claims:

(1)  He received ineffective assistance of trial counsel because counsel failed to inform him that there was a deadline on the 15-year plea bargain deal;

(2)  The trial court failed to give him an opportunity to allocution;

(3)  He received ineffective assistance of trial

>          counsel because counsel failed to inform him that
>          he had the right to address the jury prior to
>          sentencing through the procedure of allocution;
>          and
>
> (4)      He received ineffective assistance of trial
>          counsel because counsel failed to advise him that
>          he had the right to have character witnesses
>          testify on his behalf at trial.

(Pet. at 6-7.)

### III. Rule 5 Statement

Respondent does not believe that the petition is time-barred or subject to the successive-petition bar, however she asserts that one or more of petitioner's claims are unexhausted and/or procedurally barred as to one or both convictions. (Resp't's Answer at 5-6.) 28 U.S.C. §§ 2244(b), (d) & 2254(b).

### IV. Discussion

#### A. *Legal Standard for Granting Habeas Corpus Relief*

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. 28

4

U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Further, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas-corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law, as determined by the Supreme Court of the United States" unless there is evidence that an incorrect standard was applied, in making its decision. *Johnson v. Williams*, 568 U.S.

5

289, 298 (2013); *Harrington,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2003).

### B. Right to Allocution

Under his second ground, petitioner claims that the trial court failed to give him an opportunity to allocution before the jury (Pet. at 2.) Petitioner raised this claim in his state habeas-corpus application attacking his conviction and sentence under count one. (03SHR at 9, 23-24.[2]) The state court recommended denial of the claim because the claim was a "record claim" that should have been, but was not, raised on direct appeal and was thus not cognizable on state habeas review. (*Id.* at 64.) Under the procedural-default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state procedural default. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Johnson v. Puckett,* 176 F.3d 809, 823 (5th Cir. 1999); *Fisher v. State,* 169 F.3d 295, 300 (5th Cir. 1999). The state court clearly relied upon a firmly established and regularly followed state procedural rule to recommend denial of

---

[2]"03SHR" refers to the documentary record of petitioner's state habeas-corpus application in No. WR-81,729-03; "02SHR" refers to the documentary record of his state habeas-corpus application in No. WR-81,729-02.

6

the claim. *Ex parte Gardner,* 959 S.W.2d 189, 199 (Tex. Crim. App. 1996); *Ex parte Banks,* 769 S.W.2d 539, 540 (Tex. Crim. App. 1989) (holding "the Great Writ should not be used to litigate matters which should have been raised on appeal"). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by petitioner, his second ground is procedurally barred from this court's review.[3]

### C. Ineffective Assistance of Counsel

Petitioner was represented at trial by Gary Don Smart. Petitioner asserts counsel was ineffective by (1) failing to inform him that there was a deadline on the 15-year plea bargain deal; (2) failing to inform him that he had the right to address the jury prior to being sentenced through the procedure of allocution; and (3) failing to advise him that he had the right

---

[3] Even if the claim were not procedurally barred, petitioner would not be entitled to relief. There is no constitutional right to allocution under the United States Constitution. *See Hill v. United States,* 368 U.S. 424, 428-29 (1962) (addressing whether failure to comply with similar federal statute entitled defendant to collateral habeas relief); *United States v. Hall,* 152 F.3d 381, 392-96 (5th Cir. 1998) (discussing similar federal statutory and common law right of allocution), *abrogated on other grounds by United States v. Martinez-Salazar,* 528 U.S. 304 (2000)). And, from this record, it appears the trial court fulfilled its obligation under Texas Rules of Criminal Procedure article 42.07. TEX. R. CRIM. PROC. ANN. art. 42.07 (West 2006). Before imposing petitioner's sentence, the trial court asked, "Is there any reason why the defendant should not be sentenced at this time," and Petitioner's trial counsel replied, "No, Your Honor." Nor does petitioner allege or demonstrate that any of the statutory reasons set out in article 42.07 to prevent the pronouncement of sentence existed in his case.

7

to have character witnesses testify on his behalf at trial. (Pet. at 6-7.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id*. at 689.

The Supreme Court emphasized in *Harrington v. Richter* the manner in which a federal court is to consider an ineffective-assistance-of-counsel claim raised in a habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether

8

> defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams,* 529 U.S. at 410)).

Accordingly, it is necessary only to determine whether the state courts' rejection of petitioner's ineffective assistance claims was contrary to or an objectively unreasonable application of *Strickland*. *Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle,* 343 F.3d at 443.

In response to petitioner's allegations, counsel filed an affidavit in the state habeas-corpus proceedings, in which he states, in relevant part, as follows:

> Mr. Reed is correct that I did not inform him that there was a deadline on the 15 year plea bargain offer. However, there was not a deadline put on the offer by the prosecutor. As the record reflects, there was a hearing before trial concerning this issue. The Judge made the finding that Mr. Reed rejected the offer. When I met with Mr. Reed on January 24, I called the prosecutor while I was in the attorney booth with the [sic] Mr. Reed. She made a 15 year offer at the time. I conveyed the offer to Mr. Reed. He wanted 10 years. The

9

prosecutor would not offer 10 years. Mr. Reed rejected the 15 year offer and got up and walked out of the attorney booth at the jail. On January 30th the day of trial, Mr. Reed said he would take 15 years. However, the prosecutor would not offer 15 years and the offer was now 20 years. There was never a deadline put on any offers. Thus, there were never deadlines conveyed to Mr. Reed.

. . .

Mr. Reed was informed both at the end of the guilt/innocence phase and the punishment phase that he had an absolute right to testify. I explained to him that the prosecutor would have the opportunity to cross examine him. We discussed what questions she could ask him about the facts of the case, his back ground and criminal history. I gave him my opinion that I did not think he would benefit from him testifying at either stage of the trial. Mr. Reed made the choice not to testify.

. . .

Mr. Reed knew we were going to trial. He had signed status conference paper work on January 11, 2013. That paper work tells the defendant when his case is set for trial. I had been to see him January 24, 28 and 30th in preparation for trial. Even though I was still pursuing plea bargain offers, we were still preparing for trial and going over witness lists, witness statements, lineups and notices the State had sent. Mr. Reed's mother was asked on January 31 to testify and she told me she did not want to testify. There were no other family members or character witnesses for me to call. Mr. Reed was not cooperative with me or my investigator in trying to prepare his case for trial. His position from the start was "I don't know anything about the offense." If Mr. Reed would have given me or my investigator's [sic] names of character witnesses, we would have interviewed and subpoenaed them to court.

(03SHR at 50.)

Based on counsel's affidavit and the documentary record of the trial proceedings, the state submitted the following proposed findings of fact regarding Petitioner's claims, which were adopted by the state habeas court:

> 5. Hon. Smart did not advise Applicant that there was a deadline on the State's plea bargain offer because there was not one.
>
> 6. The State's fifteen year plea offer was off the table because Applicant rejected it by making a counter-offer and not because the offer had expired.
>
> 7. Hon. Smart's advice was the result of reasonable trial strategy.
>
> 8. There is no evidence that the outcome of the proceeding would have been different had counsel advised him differently.
>
> 9. Hon. Smart advised Applicant that he had a right to testify.
>
> 10. Hon. Smart advised Applicant that he would be subject to cross-examination if he testified.
>
> 11. Hon. Smart discussed with Applicant the questions the prosecutor would ask him, including regarding the facts of the case, his background, and criminal history.
>
> 12. Hon. Smart advised Applicant it would not benefit him to testify.
>
> 13. Applicant chose not to testify.
>
> 14. Hon. Smart's advice was the result of reasonable

11

      trial strategy.

15. There is no evidence that the outcome of the proceeding would have been different had counsel advised him differently.

. . .

17. Applicant's mother was asked to testify but she declined.

18. Hon. Smart was not aware of any other family members or character witnesses to call.

19. Hon. Smart advised Applicant that he could testify on his own behalf.

20. There is evidence that Hon. Smart advised Applicant of his right to present witnesses.

21. Applicant was not cooperative with Hon. Smart or his investigator.

22. If Applicant had given Hon. Smart or his investigator the names of character witnesses, Hon. Smart or his investigator would have interviewed and subpoenaed them.

23. Applicant presents no evidence, statements, or affidavits from witnesses who counsel should have called to testify as character witnesses.

24. Hon. Smart's advice regarding testimony and character witnesses was the result of reasonable trial strategy.

25. There is no evidence that the outcome of the proceeding would have been different had counsel interviewed more character witnesses.

26. There is no evidence that the outcome of the proceeding would have been different had counsel subpoenaed more character witnesses.

. . .

> 34. Before pronouncing sentence, the trial court inquired, "Is there any reason why the defendant should not be sentenced at this time?"
>
> 35. When asked if there was any reason not to be sentenced, Applicant's counsel stated, "No."
>
> 36. Applicant did not object to the court pronouncing sentence.

(*Id.* at 55-58, 70 (record citations omitted).)

Based on those findings, and applying *Strickland* and applicable state law, the state habeas court entered the following legal conclusions:

> 7. Counsel properly advised Applicant regarding the plea offer.
>
> 8. Article 42.07 of the Texas Code of Criminal Procedure does not allow for a defendant to address the jury prior to being sentenced.
>
> 9. Article 42.07 of the Texas Code of Criminal Procedure does not allow for a defendant to address the jury prior to being sentenced.
>
> 10. "The limitations of [article 42.07] are designed to allow the defendant to bring to the court's attention legal bars to the imposition of punishment that may not be of record, specifically including a pardon, incompetency, and mistaken identity."
>
> 11. Applicant has failed to prove that counsel's representation was deficient because he did not inform Applicant of a right to address the jury, without being subjected to cross-examination, because he did not have the right.

13

12. Applicant has failed to prove that counsel's representation was deficient because he did not request that Applicant be allowed to address the jury without being subjected to cross-examination.

13. Counsel properly advised Applicant that he could testify at trial.

14. Counsel properly advised Applicant that he could call character witnesses at trial.

. . .

16. Applicant has failed to prove that counsel's representation fell below an objection standard of reasonableness.

. . .

19. Applicant has failed to show that there is a reasonable probability that the result of the proceeding would have been different had counsel advised him differently.

20. Applicant has failed to show that there is a reasonable probability that the result of the proceeding would have been different had counsel requested that Applicant be able to address the jury without being subjected to cross-examination.

. . .

22. Applicant has failed to show that there is a reasonable probability that the result of the proceeding would have been different but for the alleged misconduct.

23. Applicant has failed to prove that he received ineffective assistance of trial counsel.

(*Id.* at 62-63 (citations omitted).)

The Texas Court of Criminal Appeals, in turn, denied relief

based on the state habeas court's findings. Petitioner has not presented clear and convincing evidence in rebuttal. Thus, relying on the presumptive correctness of the state courts' factual findings, in conjunction with the state court records, the state courts' adjudication of petitioner's ineffective-assistance claims comports with *Strickland*.

A petitioner shoulders a heavy burden to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). Petitioner presents no evidentiary, factual, or legal basis in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d). His claims are conclusory, refuted by the record, and/or would have required counsel to make frivolous motions or objections, all of which generally do not entitle a state petitioner to federal habeas relief. *See, i.e., United States v. Jackson,* 549 F.3d 963, 980 (5th Cir. 2008) (following *United States v. Hall, supra* note 3, that there is no constitutional right to submit an unsworn statement of allocution to the jury that is not subject to cross-examination); *Johnson v.*

15

*Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections); *Green v. Johnson*, 160 F.3d 1029, 1037, 1042 (5th Cir. 1998) ("[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue" and "counsel is not required to file frivolous motions or make frivolous objections"); *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985) (ineffective assistance claims based upon uncalled witnesses are disfavored and conclusory if unsupported by affidavits indicating the witnesses' willingness and availability to testify and the substance of the proposed testimony). Petitioner is not entitled to relief.

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not

16

made a substantial showing of the denial of a constitutional right.

SIGNED July 20, 2017.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE